**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

                    Plaintiff,                             **CRIMINAL ACTION**

     v.

                                           **Case No. 11-cr-20132-8-KHV-DJW**

KARLA HERRERA-MORALES,

                    Defendant.

**MEMORANDUM AND ORDER**

On December 21, 2011, a grand jury charged Defendant Karla Herrera-Morales, as well as

ten other defendants, with theft of U.S. Department of Housing and Urban Development Section 8

Program housing rent subsidies, and making a false statement on an application for rent subsidies.[1]

This matter is before the Court on the United States' oral motion for pretrial detention of Defendant

Karla Herrera-Morales (ECF No. 34) made on February 14, 2012.  The Court held a hearing on the

motion on February 22, 2012.  The Court has considered the motion and the statements of counsel

during the hearing, and, for the reasons set forth below, finds that the Motion should be denied and

Defendant should be released subject to certain conditions to be determined at a future hearing.

**I.**       **Standards for Detention**

Under the Bail Reform Act of 1984, the Court must order the pretrial release of the accused,

with or without conditions, unless it "finds that no condition or combination of conditions will

reasonably assure the appearance of the person as required and the safety of any other person and

---

[1]*See* Indictment (ECF No. 1), Counts 25-27, and 28.

the community."[2]  In making this determination, the Court must take into account the available

information concerning:

> (1) the nature and circumstances of the offense charged, including whether the
> offense is a crime of violence, a violation of section 1591 [sex trafficking of
> children], a Federal crime of terrorism, or involves a minor victim or a controlled
> substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties,
>> employment, financial resources, length of residence in the community,
>> community ties, past conduct, history relating to drug or alcohol abuse,
>> criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on
>> probation, on parole, or on other release pending trial, sentencing, appeal, or
>> completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that
> would be posed by the person's release. [3]

The government has the burden to prove the risk of flight by a preponderance of the

evidence.[4]  The government must prove a danger to other persons or the community by clear and

convincing evidence.[5]  The court must resolve all doubts regarding the propriety of release in the

defendant's favor.[6]

---

[2]18 U.S.C. § 3142(e).

[3]18 U.S.C. § 3142(g).

[4]*See U.S. v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (citations omitted).

[5]*See id.* (citing 18 U.S.C. § 3142(f)).

[6]*U.S. v. Chavez-Rivas*, 536 F. Supp. 2d 962, 965 (E.D. Wis. 2008).

## II.      Application of the Factors

### A.      Nature and Circumstances of the Offense

Defendant is charged with three counts of theft of public money under 18 U.S.C. § 641, and one count of making a false statement on a rent subsidy application under 18 U.S.C. § 1001.  If convicted of theft of public money, Defendant could face maximum penalties of imprisonment of not more than 10 years on each count.  If convicted of making a false statement, Defendant could face imprisonment of not more than 5 years.

The estimated loss from Defendant's alleged theft of public monies totals $20,923.  The government indicates that, if convicted, Defendant could expect a sentence range of 6 to 12 months. The nature of the alleged offenses is theft by fraud and did not involve the use of violence, force, or weapons.  Based upon the amount of monies involved, the probable penalty to be imposed is not so great that Defendant would be expected to flee.  Although the nature of the offense may reflect a dishonest or deceitful character, the Court does not find these to be determinative in themselves as showing Defendant to be a flight risk.  The Court considers this factor to weigh in favor of pretrial release.

### B.      Weight of the Evidence

The Court finds that while the record contains some evidence that Defendant knowingly and unlawfully made materially false statements and representations on an application for rent subsidy benefits, and thereby unlawfully stole rent subsidy payments to which she was not qualified to receive, the evidence is not so overwhelming that it must weigh in favor of detention.  The indictment itself constitutes probable cause to believe that the offenses charged have been committed and that Defendant has committed them.  This factor is neutral.

C.      History and Characteristics of Defendant

Defendant is a 28-year old female, single citizen of Mexico. She has been in the United

States 15 years, over half her life. Defendant has two children (ages 6 and 10), both who are U.S.

citizens. Their father is a citizen of Mexico. Defendant is working on becoming a citizen and

desires to stay here with her children. Defendant and her two children reside with her boyfriend,

who is a permanent resident, and he is willing for her to continue staying with him. She has lived

at her current address since November 2011.

Defendant's father resides in Texas and her mother resides in Kansas City. She has four

siblings. One of her sisters is co-defendant Candelaria Morales, who lives in Kansas City. She has

a younger brother who is a U.S. citizen. Her other brother resides in Mexico.

Immigration and Customs Enforcement ("ICE") has lodged a detainer against Defendant due

her illegal status. The government argues that Defendant is a risk of flight based upon the ICE

detainer. While a defendant's status as a deportable alien alone does not mandate detention, it is a

factor which weighs heavily in the risk of flight analysis.[7] As this Court has previously noted in the

companion cases of *U.S. v. Lozano-Miranda*,[8] and *U.S. v. Garcia-Gallardo*,[9] the existence of the ICE

detainer is not in and of itself sufficient grounds to find that a defendant poses a flight risk. Under

8 C.F.R. § 215.2, "No alien shall depart, or attempt to depart, from the United States if his departure

would be prejudicial to the interests of the United States . . .."[10] The departure of an "alien who is

---

[7]*See Chavez-Rivas*, 536 F. Supp. 2d at 964 n. 3 (citations omitted).

[8]No. 09-cr-20005-KHV, 2009 WL 113407, at *3 n.13 (D. Kan. Jan. 15, 2009).

[9]No. 09-cr-20005-KHV, 2009 WL 113412, at *2 n.13 (D. Kan. Jan. 15, 2009).

[10]8 C.F.R. § 215.2(a).

needed in the United States as . . . a party to[] any criminal case . . . pending in a court in the United States" is deemed prejudicial to the interests of the United States.[11]  The departure of such a criminal defendant alien may be temporarily prevented under 8 C.F.R. § 215.3, which provides that the criminal defendant alien "may be permitted to depart from the United States *with the consent of the appropriate prosecuting authority*, unless such alien is otherwise prohibited from departing under the provisions of this part."[12]

While recognizing that there is some risk of flight by Defendant due to the ICE detainer, the Court finds this risk is outweighed by Defendant's established family ties to the community, the ages of her children, the age she entered the country, and the number of years she has lived in the United States, the nature of the charges, and her lack of a prior criminal record.  The Court determines that there are conditions of release that could be set to reasonably assure Defendant's presence at trial. This factor weighs in favor of pretrial release.

### D.     Danger to the Community

Defendant has two outstanding bench warrants for traffic violations.  The United States has not shown that Defendant poses any risk of danger to the community or other persons.  Thus, the Court finds that this factor weighs in favor of pretrial release.

### III.     Conclusion

Having considered all relevant pleadings and the statements of counsel during the February 22, 2012 hearing, the Court finds that Defendant should be released.  As set out above, under the Bail Reform Act, the Court must order the pretrial release of Defendant, with or without conditions,

[11]8 C.F.R. § 215.3.

[12]*Id.* (emphasis added).

unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . .."[13] Based on the relevant pleadings and the statements of counsel during the hearing, the Court concludes that the United States has not met its burden to show that no set of conditions of release will assure Defendant's pretrial presence and protect the community and other persons from danger.

   **IT IS THEREFORE ORDERED** that the United States' oral motion for pretrial detention of Defendant Karla Herrera-Morales (ECF No. 34) is denied.   Defendant shall be released subsequent to a hearing to determine the conditions of Defendant's release.

   **IT IS FURTHER ORDERED** that a hearing to set the conditions of Defendant's pretrial release is set for **February 29, 2012 at 10:00 a.m.**

   **IT IS FURTHER ORDERED** that Pretrial Services shall provide proposed conditions of release no later than **February 27, 2012.**

   **IT IS SO ORDERED.**

   Dated in Kansas City, Kansas on this 23rd day of February 2012.

                                        s/ David J. Waxse
                                        David J. Waxse
                                        U.S. Magistrate Judge

---

[13]18 U.S.C. § 3142(e).